## French v. Woodloch Pines

*Brian D. Nealon,* for plaintiffs.
*Randolph T. Borden,* for defendant.

THOMSON, *P.J.,* April 2, 1986—This matter is before the court on defendant's motion for summary judgment. Defendant contends that based on all of the pleadings, etc. there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

Plaintiffs instituted this cause of action on April 17, 1985. Plaintiffs contend that on January 22, 1983, they were registered guests at defendant's hotel in Pike County, Pa. On that day, plaintiff Mr. French decided to utilize toboggan sleds and the toboggan run which were available for use by guests of the hotel. Plaintiff rode down the togoggan run and at the end of the run the sled proceeded in the air for some distance and then fell on the frozen lake. This impact caused plaintiff a compressed vertebra. Mrs. French alleges a loss of consortium.

Essentially, plaintiff contends that the run was in an unsafe condition, as the end of the run did not gradually descend, but, the end of the run was sub-

stantially higher than the surface of the lake. This caused a sudden drop which allegedly injured plaintiff.

Defendant brought a motion for summary judgment, because, it contends that it is not liable for injuries on recreational land. This motion was argued on December 16, 1985, and then taken under advisement.

## OPINION

The issue for resolution is whether or not defendant's motion for summary judgment should be granted. Rule 1035(b) states:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Essentially, defendant contends that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

Defendant contends that this motion should be granted because Woodloch Pines Inc. has immunity from such suit under the Recreational Use of Land and Water Act. At 68 P.S. §§477-1, 477-6, we find that the purpose of this act is ". . . to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes."

We also find that under section 477-6 (2) that:

"Nothing in this act limits in any way any liability which otherwise exists: . . . (2) For injury suffered in any case where the owner of land *charges* the person or persons who enter or go on the land for

the recreational use thereof. . . ." (emphasis added).

In the instant case, plaintiffs contend that this recreational area was made available as an amenity of the hotel which charges persons a fee for staying at the hotel and utilizing its facilities. Defendant contends that because no fee was directly paid for the trail use and it was open to the public, it should be subject to protection of the act.

We find that it is highly unlikely that the Woodloch Pines proprietors really do open the toboggan run to the public free of charge. The cost of accommodating large crowds throughout the winter would create a large expense on that corporation. For these reasons, we believe that defendant-proprietor is not automatically clothed with the immunity of the Recreation Use of Land and Water Act.

Furthermore, it appears that a question of whether or not the toboggan run was a gratuitous area and open to the public remains at issue. As long as questions of fact and law remain, summary judgment cannot be granted.

## ORDER

And now, this April 2, 1986, defendant's motion for summary judgment is hereby denied.